# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERRY L. BOYCE,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 19-CV-1428-JPS

**ORDER**

   Petitioner Jerry L. Boyce ("Boyce") pleaded guilty three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and 2, one count of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Jerry L. Boyce*, 18-CR-29-JPS (E.D. Wis.) (Boyce's "Criminal Case"), (Docket #15). Plaintiff was sentenced to 45 months' imprisonment on the robbery and gun possession charges, and 120 months' imprisonment on the brandishing charge, for a total of almost fourteen years. *Id.*, (Docket #28 at 3). Boyce did not appeal his convictions or sentence. *Id.*, (Docket #31).

   On September 30, 2019, Boyce filed a motion pursuant to 28 U.S.C. § 2255 to vacate his Section 924(c) conviction. (Docket #1). That motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response

within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings.

Generally, the Court begins the screening process by examining the timeliness of the motion and whether the claims therein are procedurally defaulted. The Court need not address those matters in this case, however, because Boyce's sole ground for relief is plainly meritless. Boyce suggests that the Supreme Court's recent decision in *Davis v. United States*, 139 S. Ct. 2319 (2019), warrants vacating his Section 924(c) conviction. *See generally* (Docket #2).

To understand the import of *Davis*, one must first know a bit about Section 924(c). That statute imposes sentences, carrying substantial mandatory minimums for imprisonment, when a person uses a firearm during the commission of a "crime of violence." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" must always be a felony, and it must also fall within one of two definitions. The first definition, known as the "elements" or "force" clause, says that the subject crime must "[have] as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" *Id.* § 924(c)(3)(A). The second, known as the "residual" clause, sweeps in any crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). *Davis* invalidated the residual clause as being unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

That ruling means little for those in the Seventh Circuit, as our own Court of Appeals struck down the residual clause some time ago. *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016). Indeed, *Davis* also means

little for Boyce himself. Hobbs Act robbery has been found to fall within the elements clause. *United States v. Anglin*, 846 F.3d 954, 964 (7th Cir. 2017) (Hobbs Act robbery). Thus, those convictions serve as a valid predicate for the Section 924(c) conviction via the elements clause, and so the validity of the residual clause is immaterial.

Boyce's only argument is that Hobbs Act robbery should not be considered a crime of violence under the elements clause. With the residual clause swept aside by *Davis*, there would no longer be a valid predicate for his Section 924(c) conviction. *Anglin* has held precisely to the contrary, however, and this Court is not empowered to overrule or disagree with the Seventh Circuit. Boyce attempts to overcome this bar by claiming that his arguments are based on Supreme Court precedent, which is a higher authority that the Seventh Circuit. This is of no moment for present purposes. Only the Court of Appeals or the Supreme Court could overturn *Anglin*.[1] Because Boyce is plainly not entitled to relief on the ground presented in his motion, the Court is compelled to deny the motion and dismiss this action with prejudice.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Boyce must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the

---

[1] The Seventh Circuit has not overturned, and is unlikely to overturn, *Anglin*. That case and its progeny repeatedly considered, and rejected, arguments just like Boyce's concerning the theoretical fit between Hobbs Act robbery and the elements clause. The Supreme Court's decision in *Davis* did not involve, let alone overturn, *Anglin*. Boyce's citation to *Davis* adds nothing new to this inquiry.

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Boyce's motion presented a viable ground for relief. *Davis* has no bearing on his convictions or sentence, and this Court lacks authority to overturn *Anglin*. As a consequence, the Court is compelled to deny a certificate of appealability as to Boyce's motion.

Finally, the Court closes with some information about the actions that Boyce may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge