# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JERRY L. BOYCE,<br><br>                Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Case No. 19-CV-1428-JPS<br><br>**ORDER** |

On December 11, 2019, the Court denied Petitioner's motion to vacate his conviction and dismissed this action with prejudice. (Docket #4 and #5). On December 26, 2019, Petitioner filed a motion for reconsideration of that decision pursuant to Federal Rule of Civil Procedure 59(e). (Docket #6). Rule 59(e) allows for reconsideration of a judgment "only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013) (quotation omitted). FRCP 59(e) "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000).

In brief, the Court determined that in accordance with *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017), Petitioner's arguments to vacate his conviction were foreclosed. (Docket #4 at 2–3). Petitioner's instant motion quibbles with the Court's assessment of the reach of *Anglin* and cites non-controlling opinions from other jurisdictions which disagree with that case. The Court is, as it explained to Petitioner in the dismissal order, constrained

to follow *Anglin* as it has interpreted that case. (Docket #4 at 3). If Petitioner believes the case is distinguishable, he must make that argument to the Court of Appeals itself. Petitioner also asks that the Court reconsider denying him a certificate of appealability. The Court will deny that request for the same reason; *Anglin* renders Petitioner's arguments meritless in this Circuit.

In light of the foregoing, and because Petitioner has not shown that the Court committed any manifest errors of law or fact, the Court must deny Petitioner's motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (Docket #6) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of January, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge